GRUBBS, &c.
vs.
STEELE.

of a less sum
than is *due*, is
not good.

---

## Grubbs, &c. vs. Steele.

Case 10.

### APPEAL FROM WHITLEY COUNTY COURT.

1. County Courts have authority in certain cases, and upon notice, as
   specified in the Revised Statutes, section 7, page 446, to order the
   conveyance of land in discharge of a bond of one who was seized,
   or of his ancestor, devisor, or grantor.   The bond must be proved
   and the court satisfied that the consideration has been paid, or
   conditions on which the land was to be conveyed have been perform-
   ed.   Either party may have a jury to try the above facts.
2. Notice to a part of those from whom the deed is to pass title is not
   sufficient; all should have the notice, actual or constructive, which
   is prescribed by the statute.
3. The County Court has authority to order a conveyance in compli-
   ance with executory contracts, not to convey land already convey-
   ed, but by a deed not recorded.

Case stated.

Steele produced a bond to the County Court of
Whitley, purporting to have been executed by Con-
rad Grubbs, in February, 1848, and a deed purporting

to have been executed by said Grubbs and wife, in 1852, attested by two witnesses, but not recorded. The deed does not purport to have been executed in consideration or in discharge of the bond, and was proved to include one hundred and fifty acres of land not described in the bond.

The appellee, Steele, produced a printed notice of the intended application to the County Court, with a certificate from the editor and proprietor of the Somerset Gazette, that his paper is an authorized newspaper, and that he had published the same for three weeks in said paper. The notice is to all the *known* defendants, and also to the unknown heirs of Conrad Grubbs. Some of the defendants are shown to be residents of the State, and none are proved to be non-residents. J. Roe and wife appeared and opposed the proceeding. A witness also proved that he had served the notice on Joseph Grubbs, and also on Mrs. Egner, but not on her husband, but did not state the time of service. Others, proved to be heirs of Grubbs, were not shown to be non-residents. It was also proved that Conrad Grubbs, at the date of the bond, in 1848, was incapable, from imbecility of mind, to make a contract for the sale of his land. The proof did not show that the $200, the consideration of the bond, had been paid. On the contrary, the admissions of the plaintiff went to show that $100 was yet due.

*M. L. Rice*, for appellants—

1. The proper notice was not given to the heirs of Grubbs to authorize the County Court to proceed to hear the motion of Steele for a conveyance. The evidence shows that Mrs. Roe, Mrs. Egner, Mrs. Eaton, and Joseph Grubbs are the heirs of Conrad Grubbs, and all live in Whitley and Knox counties; Mrs. Eaton had no notice of the intended application. The statute prescribes a notice, and the manner in which it shall be given. (*Rev. Stat. page* 445, *sec.* 2.)

2. The publication in the Somerset Gazette is not sufficient notice to any but non-residents, and the proof does not show that there are any such, and it is not shown that the Somerset Gazette is an authorized paper. The statute requires the affidavit of the editor. (See *Rev. Stat.* 129, *chap.* 2, *sec.* 1, 2.)

The proof does not show that the purchase money has been paid, on the contrary it shows that it was not paid.

The recital in the record that defendants appeared, can only apply to such as were properly notified. (*De Wolf vs. Mallett's administrators,* 3 *Dana,* 216.)

3. The proof shows very clearly that before the date of the bond exhibited, Conrad Grubbs was incapable of making any valid sale of his land, or transacting any important business, and that no conveyance ought to have been ordered.

A reversal is prayed.

No brief on file for appellees.

June 18.

Chief Justice MARSHALL delivered the opinion of the Court—

1. County Courts have authority in certain cases, and upon notice, as specified in the Revised Statutes, section 7, page 446, to order the conveyance of land in discharge of a bond of one who was seized, or of his ancestor, devisor, or grantor, the bond must be proved and the court satisfied that the consideration has been paid, or conditions on which the land was to be conveyed

By the 7th section of the 57th chapter of the Revised Statutes, page 446, the County Courts have jurisdiction, upon notice given as required in previous sections, to order a conveyance, upon the production of the bond or executory contract of the party seized, &c., upon proof that it is the act and deed of the person whose bond it purports to be, and upon the court being satisfied that the purchase money has been paid, or the condition performed on which the land was to have been conveyed. The notice must be reasonable, by service on the resident defendants, and by three weeks' publication in an authorized newspaper, as to non-residents. And either party is entitled to a jury to try the facts on which the order is to be made.

In this case the plaintiff, Steele, produced a printed notice, with a certificate of its publication for three

weeks in the Somerset Gazette, which certificate purports to be made by the editor and publisher, who also certifies that it is an authorized newspaper. This is deemed *prima facie* sufficient as to non-residents. But the printed notice seems to be directed to all of the known defendants, and also to the unknown heirs of Conrad Grubbs, whose title bond and unrecorded deed are referred to as the foundation of the proceeding. Some of the persons named in the notice are proved to be residents of this State, and none are proved to be non-residents. Joseph Roe and his wife appeared and opposed the proceeding. A witness proved that he had served the notice on Joseph Grubbs, and also on Mrs. Egner, but not on her husband. But he did not state when he had served the notice, nor was it shown that the other parties were non-residents, but only that they were the heirs of Conrad Grubbs.

This proof does not establish such reasonable notice to the resident parties as the statute requires. And although Roe and wife, who appeared, have no right to object to want of notice to themselves, they had a right in the County Court to object to want of notice to other parties. And for this defect of notice, the proceeding may and should be reversed, on their appeal, as on that of the heirs of Grubbs.

There are, however, other objections to the order for a conveyance, which it is proper to notice. The plaintiff produced a bond purporting to have been executed by Conrad Grubbs, in February, 1848, also a deed purporting to have been executed by said Grubbs and wife, in 1852, but which, though attested by two witnesses, was not recorded. The deed did purport to have been executed in satisfaction or consideration of the bond produced, but in reference to another bond, and on different considerations. And although the deed was proved to include one hundred and fifty acres not included in the bond of 1848, and although the evidence conduces to prove that at the date of said bond, Conrad Grubbs was, from age, and

have been performed. Either party may have a jury to try the above facts.

2. Notice to a part of those from whom the deed is to pass title is not sufficient; all should have the notice, actual or constructive, which is prescribed by the statute.

mental imbecility, and derangement, incompetent to make a contract for his land, and tends still more strongly to prove that he was incompetent at the date of said deed, in 1852, and although, moreover, there was no proof that the consideration of $200 mentioned in said bond had been paid, but the admission of the plaintiff was proved to the effect that $100 of it was unpaid, the court ordered a conveyance by commissioners, of the land included in said deed of 1852.

3. The County Court has authority to order a conveyance in compliance with executory contracts, not to convey land already conveyed, but by a deed not recorded.

The statute, it is to be observed, authorises a court to direct a conveyance only upon a bond or executory contract, and does not give jurisdiction to order a conveyance of land already conveyed by deed of the vendor or donor, and certainly not when the deed has been so acknowledged as to be admitted to record, and where the failure to have it recorded appears to be the mere neglect of the party claiming the benefit. And while the informal and summary character of the proceeding itself furnishes good reason for not extending it beyond the fair intent and import of the statute, the facts of this case, as above stated, are sufficient to prevent the deed from operating as evidence of full payment on the bond, or as in any manner conclusive of the plaintiff's right. The evidence of non-payment of the whole consideration mentioned in the bond of 1848, should have prevented the order for a conveyance upon that bond even of the land which it describes. And if the court had jurisdiction to proceed upon the deed of 1852, which we do not admit, the facts before noticed with respect to that deed, should have prevented any order for further conveyance.

Wherefore, the judgment or order for the execution of a deed conveying the land mentioned in said deed of 1852, is reversed, and the cause is remanded with directions to dismiss the motion.